## CIRCUIT COURT OF FAUQUIER COUNTY

Morton L. Janet

v.

Suzanne M. Rhodes et al.

November 22, 1989

Case No. (Law) CL87-6389

By JUDGE JAMES H. CHAMBLIN

This cause is before the Court on the Demurrer of the defendants to Counts II and III of the Motion for Judgment. The Court heard oral argument thereon on November 15, 1989.

For the reasons and to the extent hereinafter set forth, the Demurrer is sustained with leave to the plaintiff to file an amended motion for judgment if he be so advised.

The plaintiff asserts that the Court cannot consider the Demurrer because it was filed after the defendants answered. The Demurrer is actually contained in paragraphs (12) and (13) of a pleading styled "Answer" filed by the defendants on October 15, 1987. While it may be preferable to have labelled the Demurrer, I feel that the two paragraphs informed the plaintiffs that the defendants were demurring to Counts II and III because no facts were alleged to support the causes of action claimed therein. A party can demur and answer at the same time, and this is exactly what the defendants did herein.

Count II alleges the tort of intentional infliction of emotional distress. At oral argument, counsel for the plaintiff indicated that he relies on *Womack v. Eldridge*, 215 Va. 338 (1974), where the Virginia Supreme Court held

that a cause of action for emotional distress will lie unaccompanied by physical injury if certain elements are proven. *See* 215 Va. at 342. However, under *Womack*, it is for the Court to determine in the first instance whether the alleged conduct of the defendants "may reasonably be regarded as so extreme and outrageous as to permit recovery, or whether it is necessarily so." 215 Va. at 342. If reasonable men may differ, then it is for the trier of fact to determine whether the conduct is so extreme and outrageous so as to result in liability.

The allegations of Count II are fairly simple. The plaintiff's brother, Dewey J. Janet, Jr., had a stroke in July, 1985. On September 25, 1985, he was declared incompetent, and the defendants were appointed as guardians for their father. On the same day as their qualification, the defendants issued a letter to the nursing home caring for Mr. Janet instructing the facility to prevent the plaintiff from seeing his brother. The plaintiff and Mr. Janet are also partners in a quarry business operated on land in Fauquier County owned by them as joint tenants. The plaintiff did not learn of the prohibition until he attempted to see his brother in November, 1985, when he was physically evicted from the nursing home. Since then the plaintiff has been prevented from seeing his brother. The defendants have admitted that there is no medical reason for the prohibition. The plaintiff has suffered severe emotional distress.

On the facts alleged, I do not feel that reasonable men would differ. The conduct alleged is not so extreme or outrageous as to permit recovery. The defendants as guardians are charged by law to do what is in the best interest of their ward. On its face, the defendants are acting as guardians in doing what Mr. Janet could do if he were competent. Would the plaintiff sue his own brother for intentional infliction of emotional distress if he would not let the plaintiff visit him in the hospital? It is an inter-family squabble, and this Court should not give it any further dignity by allowing it to rise to the level of a tort. Further, the plaintiff does not allege that the defendants intended their specific conduct and knew or should have known that emotional distress would likely result. In paragraph 20 the plaintiff alleges

that "stress" would likely result, but he does not allege that "emotional distress" would likely result.

Count III is labelled "Conspiracy," but in paragraph 28 references are made to "abuse of process" and being "in derogation of . . . statutory laws more specifically set forth in § 18.2-499." I cannot ascertain by a reason of Count III (which by reference incorporates all the other paragraphs of the motion for judgment) exactly what cause or causes of action are being asserted. Each potential cause of action is addressed below.

A civil conspiracy is a combination of two or more persons to accomplish an unlawful purpose or a lawful purpose by unlawful means resulting in damage to the plaintiff. *Glass v. Glass*, 228 Va. 39 (1984). The gist of a civil action for conspiracy lies in the damage caused by the acts committed in pursuance of the formed conspiracy. *See* 4A Michie's Jurisprudence, *Conspiracy*, Section 12.

In paragraph 27 the plaintiff alleges that the defendants conspired to file a partition suit and to deplete the operating account of the quarry partnership in an attempt to force the plaintiff to buy Mr. Janet's interest in the quarry at an inflated price or to force a sale of the quarry. In Count I (the paragraphs of which are incorporated by reference into Count III), the conversion of partnership funds by the defendants is alleged. To the extent that Count III alleges a conspiracy to convert, it can withstand the Demurrer. Any allegation of the conspiracy to commit or the commission of a tort is a matter beyond the authority of the guardian; therefore, the argument that two guardians act as one even if only one acts has no application. However, the Demurrer is sustained as to any allegation of conspiracy with respect to the filing of the partition suit. The motion for judgment alleges that the plaintiff and Mr. Janet own the quarry property as joint tenants. Therefore, Mr. Janet's guardians have the right to file a partition suit. *See* § 8.01-81 *et seq.* of the Code of Virginia. Even if one accepts the proposition that the appropriate suit would have been one under §§ 8.01-67 *et seq.* (Suits for Sale of Lands of a Person Under a Disability), the partition suit could easily be amended to change into a suit under §§ 8.01-67 *et seq.* As such, the defendants have not employed process for a purpose not contemplated by law which is an essential

element of abuse of process. *See* 14B, Michie's Jurisprudence, *Process*, § 61.

The Demurrer to Count III is also sustained on the ground that it does not allege damage to the plaintiff in his reputation, trade, business, or profession as required under § 8.01-499 *et seq.* Count III merely alleges damage to property, the plaintiff's interest in the quarry (real estate).

Mr. Rosenblum may prepare an order sustaining the Demurrer to the extent set forth herein and granting the plaintiff twenty-one days after entry of the order to replead, if he be so advised. If he does not so replead, then Counts II and III will be dismissed with prejudice.